THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LYNETTE P. MCMILLAN and BYRON MCMILLAN (h/w)**<br>8218 Pickering Street<br>Philadelphia, PA 19150<br>    *Plaintiff*<br>v.<br><br>**UNITED STATES OF AMERICA D/B/A UNITED STATES POSTAL SERVICE**<br>1720 Market Street, Room 2400<br>Saint Louis, MO 63155<br>-and-<br>**JOHN DOES 1-10**<br>Various fictitious and unidentified individuals and corporations<br>    *Defendant* | NO.<br><br><br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

### COUNT I
### PLAINTIFF VS. DEFENDANTS

*Facts Common to All Counts*

1. Plaintiff, Lynette P. McMillan, is citizen, resident of the Commonwealth of Pennsylvania, residing therein at 8218 Pickering Street, Philadelphia, PA 19150.

2. Plaintiff, Byron McMillan, is citizen, resident of the Commonwealth of Pennsylvania, residing therein at 8218 Pickering Street, Philadelphia, PA 19150.

3. Defendant, United States of America, d/b/a United State Postal Service, owns, operates and manages the United States Postal Service with a place of business located at 61720 Market Street, Room 2400, Saint Louis, MO 63155.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1391(e) because this action is against a United States government agency.

6. Venue in this Court is proper under 28 U.S.C. §1391 because the subject trip and fall occurred in Philadelphia County which is within this district.

7. Defendants, John Does 1 to 10; Jane Does 1 to 10; John Does, Incorporated A to Z; John Does Professional Associations, A to Z; John Does Partnership, A to Z ;and John Does Institutions, A to Z, (hereinafter collectively referred to as "John Does 1-10"), are various fictitious and currently unidentified individuals, corporations and/or companies regularly conducting business in the Commonwealth of Pennsylvania.

8. At all times material hereto, defendant, United States of America, owned, maintained, controlled, possessed and managed commercial retail and office spaces located at 7782 Crittenden Street, Philadelphia, PA 19118. (hereinafter "premises").

9. At all times hereafter mentioned and at the time of the incident complained of, defendants, United States of America and/or John Does 1-10, by and through their agents, employees, officers, staff, administrators, representatives, and servants, were acting jointly and severally with defendant United States of America and/or John Does 1-10 with each other in the operation, control, maintenance and management of the premises.

10. On or about August 5, 2020, at or around 12:30 p.m., plaintiff, Lynette P. McMillan, was on Defendants' premises walking down the exit/entrance ramp when she suddenly and without warning was caused to trip and fall due to a cracked/uneven pavement; as a result of which plaintiff sustained serious, painful, permanent, personal injuries requiring the care and

treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in her daily routines which is more particularly described hereinafter.

11. The aforementioned accident was caused by the actions or inactions on the part of the defendants, United States of America and/or John Does 1-10, and/or John Does 1-10, and was carried out or not carried out by their agents, servants and/or employees of the defendants, who were conducting themselves in the course and scope of their employment and scope of their authority.

12. At all times material hereto, defendants, United States of America and/or John Does 1-10 held the subject premises out to be open to the public, especially to plaintiff, for business.

13. At all times material hereto, Plaintiff was a business invitee of the defendants.

14. The aforementioned accident was caused by the negligence of the defendants herein, jointly and separately, its agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of either of the plaintiffs herein.

15. At all times material hereto, the premises was maintained and managed by the defendants herein, its agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control of the defendant.

16. All of the foregoing averments are incorporated in the following Counts as though set forth therein at length.

## COUNT II
## PLAINTIFF VS. UNITED STATES OF AMERICA and/or JOHN DOES

17. Plaintiff fully incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

18. The wrongful and negligent conduct of the defendants United States of America and/or John Does 1-10, consisted of, inter alia, the following:

a. failing to properly maintain the premises;

b. failing to correct the dangerous and hazardous condition of which defendant was aware or should have been aware prior to the subject fall;

c. permitting a dangerous defect and/or condition to exist on the said premises;

d. failing to exercise due and proper care under the circumstances;

e. failing to properly clean the said premises;

f. failing to prevent a trip hazard from developing on the sidewalk;

g. failing to inspect the ramp/sidewalk/pavement on the premises;

h. failing to properly maintain ramp/sidewalk/pavement;

i. failing to properly inspect said premises;

j. failing to timely inspect said premises;

k. failing to prevent a trip hazard from developing on the premises;

l. failing to properly train agents, employees, officers, staff, administrators, representatives, servants, and/or personnel;

m. failing to adequately warn plaintiff of said condition;

n. failing to properly warn plaintiff of a dangerous condition and/or defect on said premises;

o. failing to provide a safe and adequate passage;

p. failing to contract and/or retain a professional, responsible, and/or reliable contractor/company/entity for the removal of hazardous conditions on said premises;

q. failing to contract and/or retain a professional, responsible, and/or reliable contractor/company/entity for the removal of unsafe conditions on said premises;

r. failing to provide a safe and adequate passage;

s. failing to provide adequate lighting for plaintiff to protect herself on the said premises;

t. allowing said defective condition to remain on the premises for an unreasonable period of time;

u. allowing sidewalk/pavement to remain uneven;

v. allowing sidewalk/pavement to remain a tripping hazard;

w. causing plaintiff to trip and fall;

      x. failing to maintain said premises;

      y. failing to perform duties in which it assumed;

      z. failing to properly inspect, clean, repair, maintain the said premise;

      aa. failing to properly repair defective condition;

      bb. negligently permitting hazardous conditions to remain on said premises for an unreasonable period of time; and

      cc. negligently permitting hazardous/uneven conditions to remain on said premises for an unreasonable period of time.

19. As a result of the accident aforementioned, plaintiff, Lynette P. McMillan, sustained multiple injuries, including, but not limited to: **forehead laceration, burst nerve damage, retrolisthesis at C4-5**; as well as other injuries to her head, back, bones, cells, tissues, discs, muscles, cartilage, nerves and functions; together with shock and injury to her nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

20. As a further direct result of the defendants' negligence and this accident, plaintiff has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

21. As a further direct result of defendants' negligence and this accident as aforesaid, plaintiff has become obliged to expend and/or incur large sums of money for medical attention, including **2 internal stitches and 7 external stitches**, and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

22. As a further direct result of the defendants' negligence and this accident, plaintiff has suffered an injury which is permanent, irreparable and severe.

23. As a further direct result of the defendants' negligence and this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for her benefit, if she had not been so grievously injured.

24. As a further direct result of the defendants' negligence and this accident, plaintiff was unable to attend to her daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

25. As a further direct result of the defendants' negligence and this accident, plaintiff has incurred associated incidental expenses for which the defendant is liable.

**WHEREFORE**, plaintiffs demands judgment against the defendants, jointly and severally, in an amount in excess of $75,000.

## COUNT IV
## PLAINTIFF BYRON MCMILLAN VS. ALL DEFENDANTS

26. Plaintiffs fully incorporate herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

27. As a result of the injuries sustained by plaintiff, Lynette P. McMillan, from the negligence of defendants, husband-plaintiff, Byron McMillan, has suffered a loss of his wife's companionship, affection and services and has otherwise suffered losses as a result of medical and other expenses for which he has been and/or will be responsible.

**WHEREFORE**, plaintiffs demand judgment against the defendant in an amount in excess of the jurisdictional amount in excess of $75,000.

<u>**COUNT V**</u>
<u>**PLAINTIFF vs. DEFENDANTS,**</u>
<u>**JOHN DOES 1 -10; JANE DOES 1-10; ABC CORPORATIONS 1-10; ABC PROFESSIONAL ASSOCIATIONS 1-10; ABC PARTNERSHIPS 1-10; AND XYZ INSTITUTIONS, 1-10**</u>

28.     Plaintiffs fully incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

29.     Plaintiffs preys leave of Court to seasonably amend this Complaint and name the true identities of the John Does 1-10, if and when their true identities and roles in the within matter are ascertained by plaintiff.

**WHEREFORE**, plaintiffs demands judgment against the defendants, jointly and severally, in an amount in excess of $75,000.

WAPNER NEWMAN

BY:     /s/ Samuel A. Anyan
**SAMUEL A. ANYAN, ESQUIRE**
**RAMSEY H CHEW, ESQUIRE**
Attorneys for Plaintiff